## Case No. 4,010.

### DORR et al. v. SWARTWOUT.

[1 Blatchf. 179;[1] 5 N. Y. Leg. Obs. 172.]

Circuit Court, S. D. New York. Oct. Term, 1846.

LIMITATION OF ACTIONS — NEW PROMISE IN ACTION AGAINST COLLECTOR OF CUSTOMS — RUNNING OF STATUTE—ABSENCE FROM STATE — RETURN.

1. S. was sued to recover back an excess of duties paid to him when he was collector of the port of New-York. He pleaded the statute of limitations of New-York, to which the plaintiffs replied a new promise. Evidence was given, on the question of a new promise, of certain declarations and acknowledgments made by S., and the court, at the trial, having charged the jury that the declarations and acknowledgments were sufficient in law to take the case out of the statute: Held, that this was erroneous, as under the evidence it was a question for the jury whether the declarations of S. were made with reference to his individual liability or to the liability of the government.

2. Under the provision of the Revised Statutes of New-York (2 Rev. St. 297, § 27), that if, after any cause of action shall have accrued against any person, he "shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action," but one case of absence is provided for; and on the return of the defendant into the state after his first departure, so as to be subject to the process of the court, and in a way to give operation to the statute, it then continues to operate, notwithstanding a subsequent departure.

[Disapproved in Cole v. Jessup, 10 N. Y. 107. Cited in Richardson v. Curtis, Case No 11,781.]

3. A return into the state, which will give operation to the statute, must be under such circumstances as will enable the plaintiff, by the exercise of reasonable diligence and attention to his rights, to serve process personally upon the party. He must have knowledge of the return, or the circumstances must be such as will warrant a jury in bringing knowledge home to him.

[Cited in Engel v. Fischer, 102 N. Y. 404.]

The defendant [Samuel Swartwout] was collector of the port of New-York from the year 1829 to the year 1838. The plaintiffs [Francis F. Dorr and William C. Allen] and Samuel F. Dorr deceased, composed the firm of S. & F. Dorr & Co., of New-York, from 1832 to 1838. This suit was commenced on the 30th of July, 1845, to recover an excess of duties paid under protest by that firm to the defendant at various times from the 6th of July, 1833, to the 3d of February, 1837. The defendant pleaded the general issue and the statute of limitations of the state of New-York. To this latter plea the plaintiffs replied: First, a new promise; and second, that the defendant was within the exceptions contained in the statute of New-York in relation to persons departing from and residing out of the state after the accruing of a cause of action. The section of the statute of New-York which was drawn in question in the

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

suit was as follows: "If at the time when any cause of action specified in this article, shall accrue against any person, he shall be out of this state, such action may be commenced within the terms herein respectively limited, after the return of such person into the state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." 2 Rev. St. 297, § 27.

On the trial before Betts, J., in February, 1846, the payment of the duties under protest was proved, and there was no dispute that the excess claimed was illegally exacted. The plaintiffs also gave in evidence a certificate signed by the defendant as follows:

"City and County of New-York, ss: I, David S. Lyon, being duly sworn do depose and say that, during the years 1833, 1834, 1835, 1836, 1837 and part of 1838, I was a deputy collector of the port of New-York; that during said period S. & F. Dorr & Co., merchants, of the city of New-York, entered certain quantities of wove shirts, drawers and frocks, and silk shirts, silk twist, silk drawers and silk stocks, as per statement signed by C. P. Van Ness, Esq., collector, and deponent;" (this was a statement from the custom house books, of the dates of entry, vessels, marks, packages and contents, cost in sterling and dollars, duty paid, correct duty, excess of duty, and dates of payment of duties, and the claim in this suit was based on the statement;) "that, at the time of making their entries of aforesaid articles, said importers objected, remonstrated and protested to the rates of duties then and there charged; that they claimed silk twist, silk shirts and drawers, and silk stocks, as free goods, and not liable to any duty, and wove shirts, drawers and frocks, as liable to a duty of twenty-five per centum and no more, and they notified this deponent that they should hold the collector Samuel Swartwout and the government liable for the duties exacted on silk twist, silk shirts and drawers, and silk stocks, and the excess of duties exacted upon wove shirts and drawers and frocks; that this deponent stated to the then collector Samuel Swartwout, Esq., and notified him, that the said importers objected and protested as aforesaid, as was his invariable rule and practice to inform the collector from time to time of all such remonstrances, objections, protests and notifications; and further this deponent states that he has not been and is not now in the employment of said importer, nor is he interested in this or any claim they are about making for the excess of duties which they say have been illegally exacted from them. David S. Lyon. Sworn this 15th day of November, 1844, D. Hobart, Commissioner of Deeds."

"I have read over the within affidavit of David S. Lyon, late deputy collector of this port, and have no hesitation in saying that I believe the statements therein made are true.

New-York, 15 November, 1844. Samuel Swartwout."

It was proved that Mr. Lyon's affidavit was not made for the purposes of this suit, but to be laid before the treasury department. It was also proved that the defendant left New-York about the middle of August, 1838, for Europe, with his family, and resided there with them till the 3d of August, 1841, when he returned; that he arrived in New-York that day, remained there a few days, at the Waverley House, it being a matter of public notoriety that he was in the city, and, about the 10th of August, 1841, commenced his residence at Frostburgh, Maryland; that he visited New-York at the end of August, 1841, and again about the 1st of December, 1841, when his family returned from Europe; that, on both occasions, he was there publicly and the fact was generally known; that he then remained in New-York till about the 10th of January, 1842, when he went to Georgetown, D. C., where he remained till the middle of March following; that he then returned to Frostburgh, and continued to reside there permanently till November 20th, 1842, with the exception of a visit of ten days at New-York, at the close of May and beginning of June, 1842, where he was publicly as before; that about the 20th of November, 1842, he took up his permanent residence with his family in New-York, and remained there till the commencement of this suit, with the exception of occasional short visits to Frostburgh. It was further proved that Samuel F. Dorr died in 1843, and that, until his death, he resided in the city of New-York; that he became deranged some time before his death; that there was some change in the firm of S. & F. Dorr & Co., in 1840; that after Samuel F. Dorr became deranged, the plaintiff Allen attended to the business of the house; and that he resided in the city of New-York for ten years prior to the time of the trial. The plaintiffs also proved by their counsel that on the 21st of November, 1845, he showed to the defendant the said certificate, affidavit and statement, and pointed his attention to the signature "Samuel Swartwout" to the said certificate, and asked him whether it was his handwriting; and that defendant replied "Yes," and added: "There is no doubt the money is due, and ought to be paid." Being asked on his cross-examination, whether the defendant made at the time any further remark, and, if so, what, he answered that he had stated every word that the defendant said.

The evidence being closed, the defendant's counsel objected that the plaintiffs, as to certain of the moneys sought to be recovered by them, were barred by the statute of limitations of the state of New-York, pleaded by the defendant, and insisted: First, that the declarations and acknowledgments of the defendant, given in evidence on the part of the plaintiffs, were not sufficient in law to take the case out of the statute of limitations;

that the first replication of the plaintiffs to the defendant's plea of the said statute was not sustained by such evidence; and that upon the issue joined by said first replication, the defendant was entitled to a verdict in his favor; second, that, on the evidence given on the part of the defendant of his being publicly in the city of New-York in August, 1841, and of the residence of the plaintiffs and Samuel F. Dorr in that city at that time, the exception contained in the statute of New-York ceased in any manner to apply to this case from the month of August, 1841, and, therefore, that upon the issue formed by the plaintiffs' second replication to the defendant's said plea, the defendant was entitled to a verdict in his favor as to all moneys paid to him for duties by S. & F. Dorr & Co., prior to August 10th, 1836; third, that even if all the several periods of time during which the defendant was absent from the city of New-York, between August 15th, 1838, when the defendant departed from the city of New-York, and the 20th of November, 1842, when he again came to reside in said city, were, under said statute, to be excepted from the time limited for the commencement of such action, yet that the same, as to all the moneys sought to be recovered by the plaintiffs for duties paid by S. & F. Dorr & Co., prior to May 1st, 1835, was not commenced in due season; and that, at least, as to all such moneys included in the plaintiffs' claim, the defendant, under the issue formed on the second replication, was entitled to a verdict in his favor. The defendant's counsel then prayed the court to charge the jury that the action of the plaintiffs to the extent above stated, was barred by force of the statute of limitations, and that the defendant was for this reason entitled to their verdict in his favor upon the issues formed by the plaintiffs' first and second replications. But the court refused to instruct the jury as prayed by the defendant's counsel, and charged that the declarations and acknowledgments of the defendant, given in evidence on the part of the plaintiffs, were sufficient in law to take the case out of the statute of limitations; and that even if the positions of the defendant's counsel, in respect to the questions arising under the second replication, were well taken, as to which the court expressed no opinion, the plaintiffs, by reason of such declarations and acknowledgments of the defendant, were entitled to a general verdict in their favor. The jury found for the plaintiffs. The defendant now moved for a new trial on a bill of exceptions.

J. Prescott Hall, for plaintiffs.

Benjamin F. Butler, Dist. Atty., for defendant.

NELSON, Circuit Justice. I have had some difficulty, on account of the manner in which the bill of exceptions has been made up, in ascertaining, satisfactorily, the extent of the ruling of the court at the trial; that is,

whether or not it assumed to decide questions of fact which properly belonged to the jury. I agree that the court was right in refusing the instructions prayed for by the counsel for the defendant, upon the evidence as it stood in respect to the question of a new promise; as, I think, there was sufficient to require the point to be submitted to the jury. If they had found that the declarations and acknowledgments made by the defendant were made with reference to his individual liability and indebtedness, and not to the liability and indebtedness of the government, the plaintiffs would clearly have been entitled to their verdict. There were facts and circumstances attending the acknowledgments that left this point open to observation, and made it one proper for the determination of a jury.

But the court is made to go further, and to decide, that, as matter of law, the evidence was sufficient to take the case out of the statute of limitations, thus assuming, in favor of the plaintiffs, the question of fact, upon the finding of which the legal effect of the acknowledgments depended. If the declarations were made by the defendant with reference to his own indebtedness, the words were sufficient to sustain the promise; if with reference to the indebtedness of the government, it would be otherwise; and whether the one or the other was a question for the jury. If the bill of exceptions had set forth the ruling of the court refusing the instructions prayed for, and then stated, in the usual way, that the case was submitted to the jury, I should have had no difficulty. As it stands, I do not see how a new trial can be avoided.

The second question, and which arises upon the provisions of the Revised Statutes of New-York concerning the limitation of actions, is more difficult. The section in question is as follows: "If at the time when any cause of action specified in this article, shall accrue against any person, he shall be out of this state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." 2 Rev. St. 297, § 27. The latter branch of the section presents the point involved in the case.

On the part of the plaintiffs it is insisted, that in all cases where the defendant departs from and resides out of the state after the cause of action has accrued, the statute ceases to operate until he returns into the state; and that if he again leaves before the period of limitation has elapsed, including the running of the statute before his first departure, it also ceases to operate until he returns again, and so on till the whole period expires; that a succession of absences is to be taken notice of and subtracted in computing the time; in other words, that in order to give effect and operation to the limitation, the defendant must be in the state, and subject to the process of the court, during the whole period to be allowed in the computation of the time of limitation. On the other hand, the defendant contends that but one case of absence is provided for by the language of the section; and that, on the return of the defendant into the state after his first departure, so as to be subject to the process of the court, and in a way to give operation to the statute, it then continues to operate, notwithstanding a second or subsequent departure.

The last clause of the section will, doubtless, admit of either interpretation; and I regret the necessity of passing upon it, until it shall have been expounded by the state tribunals. But, after the best consideration I have been able to give to it, and after much hesitation, I am inclined in favor of the latter construction, as most in harmony with the first clause, which is in pari materia, and also with the previous legislation of the state on the subject. Nor can any very good or obvious reason be assigned, why a succession of absences from the state should be provided for in case the defendant departs after the accruing of the cause of action, which would not be equally applicable to a like abatement of the limitation, in case his departure had taken place before the cause of action had accrued. In respect to the first clause, (which is but a copy of the old law,) whatever may be the absences or departures from the state, after the first return of the party into it so as to be subject to the process of the law, they are not regarded, and the limitation continues to operate. The latter clause is new in the Revised Statutes. The case of departure after the cause of action had accrued, had never before been provided for; and the legislature, probably, intended to suspend the operation of the limitation in case of one departure, in analogy to the case of an absence when the cause of action accrued.

There are inconveniences, also, attending the practical working of the clause, upon the construction contended for by the plaintiffs, which should disincline the court to adopt it, unless upon the most imperative language. A return into the state, which will give operation to the statute of limitations, must be under such circumstances as will enable the plaintiff, with the exercise of reasonable diligence and attention to his rights, to serve process personally upon the party. He must have knowledge of the return into the state, or the circumstances must be such as will warrant a jury in bringing knowledge home to him; otherwise, the return amounts to nothing. Now, it is obvious that this question would be involved in each successive return into the state. Because, unless each return is accompanied with the circumstances men-

tioned, no part of the time should be allowed in computing the limitation. The issues would be exceedingly complicated and embarrassing, in the case of numerous returns and departures within the limited period fixed by the statute. I can hardly think that the legislature · contemplated such a construction or operation of the clause.

It may be added, also, that the clause in terms provides for but one departure from the state, and consequently for but one return. It does not indeed put the operation of the limitation expressly upon the return into the state; but it does virtually. It contemplates the running of the statute on the return after the departure from the state and residence abroad; and if but one departure or absence is provided for or intended, of course, on the first return, the limitation goes on and continues uninterruptedly till the whole period expires. The construction of the statute is not necessarily involved in this case, upon the bill of exceptions, but it is proper to express an opinion on the question with reference to a new trial. New trial granted.

——————

DORR (WIGGIN v.). See Case No. 17,625.

DORR (WILLARD v.). See Cases Nos. 17,679 and 17,680.

DORR MANUF'G CO. (ESSEX HOSIERY MANUF'G CO. v.). See Case No. 4,533.

DORRANCE (VANHORN v.). See Case No 16,857.